Frederick D. WAGNER, Appellant

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW.

No. 13–3204.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Dec. 9, 2013.

Opinion filed: Jan. 14, 2014.

Frederick D. Wagner, Pittsburgh, PA,
pro se.

Before: FUENTES, GREENBERG
and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Frederick Wagner appeals from an or-
der of the United States District Court for
the Western District of Pennsylvania,
which dismissed with prejudice his filing,
construed as a civil rights complaint. We
will affirm the District Court's judgment.

Wagner alleges that he was em-
ployed by Sears for three months in
2011 but left when his hours were re-
duced substantially. Wagner filed for
unemployment compensation but was
denied benefits. Wagner appealed to
the Unemployment Compensation Board
of Review ("UCBR"), the Common-
wealth Court of Pennsylvania and the
Pennsylvania Supreme Court, but was
unsuccessful at each step. Wagner
then filed a document in the District
Court entitled, "Rule 60 Motion for
Relief From Judgement," and subtitled
"Complaint." In it, he sought "Relief
From a Judgement entered by the Su-
preme Court of Pennsylvania," and
asked that the District Court "reverse
the UCBR's order." The District
Court dismissed the complaint with
prejudice pursuant to 28 U.S.C.
§ 1915(e)(2), concluding that the filing,
"treated as a Complaint, fails to plausi-
bly state a claim for relief in this
Court, that this Court lacks jurisdiction
to adjudicate his claims to the extent
they seek (explicitly or implicitly) the
review or rejection of the decisions or
judgments of the Pennsylvania state
courts, and that such flaws are fatal to
the Plaintiff's claims, now or after any
possible amendment."

We have jurisdiction pursuant to 28
U.S.C. § 1291. We exercise plenary re-
view over a District Court's decision to
dismiss a complaint under § 1915(e)(2).
*See Tourscher v. McCullough,* 184 F.3d
236, 240 (3d Cir.1999). Under that stan-
dard, which is the same standard we apply
to a dismissal under Federal Rule of Civil
Procedure 12(b)(6), "[w]e accept all well-
pleaded allegations in the complaint as
true and draw all reasonable inferences in
[Wagner's] favor." *Capogrosso v. Sup. Ct.
of New Jersey,* 588 F.3d 180, 184 (3d Cir.
2009) (per curiam) (quoting *McGovern v.
Phila.,* 554 F.3d 114, 115 (3d Cir.2009)).
"The District Court's judgment is proper
only if, accepting all factual allegations as
true and construing the complaint in the
light most favorable to [Wagner], we de-

through the filing of a *Bivens* action, (Dkt. No.
11, p. 7 n. 5), and similarly express no opin-
ion on the merits of such an action.

termine that [he] is not entitled to relief under any reasonable reading of the complaint." *McGovern*, 554 F.3d at 115. Further, we may affirm on any grounds supported by the record. *See Hughes v. Long*, 242 F.3d 121, 122 n. 1 (3d Cir.2001).

We agree with the District Court that lower federal courts lack subject matter jurisdiction to engage in direct appellate review of state court determinations under the *Rooker–Feldman* doctrine. *See Dist. of Columbia Ct.App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). There are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) he is "complaining of injuries caused by [a] state-court judgment"; (3) the judgment was "rendered before the district court proceedings commenced"; and (4) the plaintiff is "inviting district court review and rejection of [that] judgment." *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir.2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). Here, Wagner lost in state court before filing his federal action, the injuries of which he complains were caused by the state court judgments in question, and his request for relief specifically included invalidation of the state courts' rulings as to that claim. Thus, to the extent he sought direct review of the state courts' rulings, the District Court lacked jurisdiction to accommodate him.

Wagner argues in his brief that the District Court had jurisdiction because his complaint stated that it arose "under the rule of law 18 U.S.C.1623 where employer HR manager deceived the UC Referee by material falsification under oath." To the extent Wagner was attempting to raise an independent violation of a constitutional or statutory federal right, it may not have been barred by *Rooker–Feldman*. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 172–73 (3d Cir. 2010). However, the claim is without merit, as § 1623 applies by its terms to false declarations made in federal, not state, courts. Further, § 1623 is a criminal statute that does not expressly give rise to a private cause of action. *Cf. Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir.2002) (perjury is a crime that does not give rise to civil cause of action).

A plaintiff should be granted the opportunity to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir.2002). Here, there are no facts suggesting a violation of Wagner's federal or constitutional rights. Accordingly, we conclude that it would have been futile for the District Court to provide him with leave to amend his complaint before dismissal. As dismissal under 28 U.S.C. § 1915(e)(2) was appropriate, we will affirm the judgment of the District Court.